IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Peter James NICKITAS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Peter James NICKITAS, Respondent.

Supreme Court

*No. 2005AP2523–D. Decided March 7, 2006.*

2006 WI 20

(Also reported in 710 N.W.2d 464.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Peter James Nickitas and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12[1] concerning Attorney Nickitas' admissions of professional misconduct. The parties stipulate that the appropriate discipline to impose for that professional misconduct is the suspension of Attorney Nickitas' license to practice law in Wisconsin for a period of 90 days.

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that the seriousness of Attorney Nickitas' misconduct warrants the suspension of his license to practice law. We also accept the parties' stipulation that a 90–day suspension is appropriate discipline.

---

[1] SCR 22.12 provides in relevant part:  Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

¶ 3. Attorney Nickitas was admitted to the State Bar of Wisconsin on September 19, 1991. He was previously admitted to practice law in Minnesota in October 1990. In August 2005 the Minnesota Supreme Court ordered that Attorney Nickitas' Minnesota license be suspended for a period of 90 days, effective August 25, 2005. The suspension arose out of Attorney Nickitas' violation of Minnesota Rules of Professional Conduct involving a consensual sexual relationship with a client; entering into multiple business transactions with a client without written disclosure of the potential conflicts and without providing for fair and reasonable terms for his client, including the receipt of at least $9900 in undocumented, interest-free, business and personal loans; failing to file a timely appeal of a final judgment in a paternity matter and subsequently filing motions previously decided by the unappealed judgment in violation of Minnesota rules.

¶ 4. Attorney Nickitas stipulated that he failed to notify the OLR directly of the Minnesota Supreme Court's imposition of public discipline within 20 days of the effective date of the Minnesota discipline. The OLR first learned of Attorney Nickitas' Minnesota suspension from a source other than Attorney Nickitas. Attorney Nickitas, however, had notified the Brown County and Douglas County circuit courts, as well as the United States District Court for the Western District of Wisconsin, and notified Minnesota's regulatory agency that he was admitted to practice law in Wisconsin. Attorney Nickitas admitted that by virtue of having received public discipline imposed by the Minnesota Supreme Court, he is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. He further admitted that by failing to notify the OLR of the Minnesota license suspension within 20 days of the effective date, he

violated SCR 22.22(1).[2] Attorney Nickitas does not claim any of the extenuating circumstances articulated in SCR 22.22(3)(a)-(c).[3] In absence of any of those circumstances, SCR 22.22 provides that this court shall impose the identical discipline or license suspension as imposed in the other jurisdiction.

¶ 5. The parties jointly request this court to order a 90–day suspension of Attorney Nickitas' license to practice law in Wisconsin and order Attorney Nickitas to establish that he has fully paid restitution to his client in the sum of $9900, plus interest, or that he has entered into a repayment agreement for the remaining amount due.

¶ 6. The OLR does not seek an order that Attorney Nickitas be required to complete the professional responsibility portion of the bar exam, nor a costs assessment against Attorney Nickitas in these proceedings. The parties request that this court accept the stipulation without the appointment of a referee and

---

[2] SCR 22.22(1) states in relevant part that "[a]n attorney on whom public discipline for misconduct . . . has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct."

[3] SCR 22.22 states in relevant part:    Reciprocal discipline.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

issue a final disciplinary opinion consistent with their stipulation. Attorney Nickitas requests the effective date of his Wisconsin license suspension be set for August 25, 2005, the same date his Minnesota license was suspended, based on the assertion by affidavit that he did not practice law in any jurisdiction including Wisconsin during his Minnesota suspension.

¶ 7.  This court adopts the findings of fact and conclusions of law to which the parties have stipulated concerning Attorney Nickitas' misconduct. We determine the seriousness of the misconduct warrants the suspension of Attorney Nickitas' license to practice law for 90 days. We conclude the circumstances of this case do not warrant a retroactive suspension effective date.

¶ 8.  IT IS ORDERED that the license of Attorney Peter James Nickitas to practice law in Wisconsin is suspended for a period of 90 days effective the date of this order.

¶ 9.  IT IS FURTHER ORDERED that within 90 days Attorney Nickitas shall provide evidence to the Office of Lawyer Regulation that he has fully paid restitution to his client in the sum of $9900, plus interest, or that he has entered into a repayment agreement for the remaining amount due. If the evidence is not provided within that time, the license of Attorney Nickitas shall remain suspended until further order of the court.

¶ 10.  IT IS FURTHER ORDERED that Attorney Nickitas comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended if he has not already done so.