**In re Petition for DISCIPLINARY ACTION AGAINST Tracy R. EICHHORN–HICKS, a Minnesota Attorney, Registration No. 26128.**

No. A09–883.

Supreme Court of Minnesota.

June 23, 2009.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Tracy R. Eichhorn–Hicks committed professional misconduct warranting public discipline, namely, receiving advance fee payments on two occasions in a client matter in which there was no written fee agreement signed by the client without depositing the funds into a trust account, and failing to disclose to the Director during a disciplinary investigation the full amount of payments received for representation of a client, in violation of Minn. R. Prof. Conduct 1.5(b), 1.15(c)(5), and 8.1(b).

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and admits

the allegations of the petition. The parties jointly recommend that the appropriate discipline is a public reprimand and two years of probation.

The court has independently reviewed the file and approves the recommended disposition.

Based on all the files, records, and proceedings therein,

IT IS HEREBY ORDERED that respondent Tracy R. Eichhorn–Hicks is publicly reprimanded and placed on probation for a period of two years from the date of filing of this order, subject to the following terms and conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct. Respondent shall not accept an advance payment of nonrefundable fees for representation of a client without a written agreement, signed by the client, as required by Minn. R. Prof. Conduct 1.5(b).

(c) Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1. These books and records shall include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliations, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days from the filing of this order and thereafter shall be made available to the Director at such intervals as he reasonably deems necessary to determine compliance.

Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:

/s/ Alan C. Page
Associate Justice