IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Tracy R. EICHHORN-HICKS,
Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Tracy R. EICHHORN-HICKS, Respondent.

Supreme Court of Wisconsin

*No. 2011AP2326–D.—Decided March 1, 2012.*

2012 WI 18

(Also reported in 809 N.W.2d 379.)

¶ 1. PER CURIAM. This disciplinary proceeding involves two reciprocal discipline matters. In the first, the Supreme Court of Minnesota in 2000 suspended the license of Attorney Tracy Eichhorn-Hicks to practice law in Minnesota for a period of one year. In the second, that same court publicly reprimanded Attorney Eichhorn-Hicks in 2009 and placed him on two years of probation.

¶ 2. In light of Attorney Eichhorn-Hicks' admission of these impositions of public discipline in another jurisdiction, we impose a public reprimand and a one-year suspension as discipline reciprocal to that imposed by the Supreme Court of Minnesota. Given Attorney Eichhorn-Hicks' failure to notify the Office of Lawyer Regulation (OLR) of these instances of public discipline, we conclude that the one-year suspension should be prospective in nature and not retroactive to the date of his Minnesota suspension. Finally, because this matter is being resolved without the need to appoint a referee and incur substantial expenses, we do not require Attorney Eichhorn-Hicks to pay the costs of this proceeding.

¶ 3. Attorney Eichhorn-Hicks was licensed to practice law in Minnesota in September 1975. In July 1984 he became licensed to practice law in Wisconsin. The most recent address he furnished to the State Bar of Wisconsin is a law firm in Minneapolis, Minnesota.

¶ 4. On October 5, 2011, the OLR filed a complaint, an order to answer, and a motion requesting the court to direct Attorney Eichhorn-Hicks to inform the court in writing of any claim, predicated upon the

754

grounds set forth in SCR 22.22(3),[1] that the imposition of discipline identical to that imposed in Minnesota would be unwarranted, and of the factual basis for any such claim. The court granted the OLR's motion and issued such an order.

¶ 5. Attorney Eichhorn-Hicks did not file a specific response to the court's order, but he did file an answer to the OLR's complaint, which we will treat as a response to the court's order. With the exception of one technical correction, Attorney Eichhorn-Hicks' answer admitted all of the factual allegations of the OLR's complaint. Attorney Eichhorn-Hicks' answer affirmatively alleged "in mitigation" that he had not practiced law in either Minnesota or Wisconsin during the term of his Minnesota suspension. He therefore contended that it would be punitive and a violation of public policy for this court now to impose a reciprocal suspension of his license to practice law in Wisconsin.

¶ 6. Given Attorney Eichhorn-Hicks' admissions, we set forth the facts as alleged in the OLR's complaint. On August 21, 2000, the Supreme Court of Minnesota suspended Attorney Eichhorn-Hicks' license for a period of one year due to Attorney Eichhorn-Hicks' pro-

---

[1] SCR 22.22(3) provides as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

755

fessional misconduct, including misuse of his trust account, failure to maintain proper trust account records, temporary misappropriation of funds, making a false certification on his attorney registration statements, and making false statements to the director of the Minnesota Office of Lawyers Professional Responsibility. *In re Disciplinary Action Against Eichhorn-Hicks*, 615 N.W.2d 356 (Minn. 2000). The suspension was based on Attorney Eichhorn-Hicks' admission to his professional misconduct and his stipulation that a one-year suspension of his license to practice law in Minnesota was an appropriate level of discipline.[2] Attorney Eichhorn-Hicks did not report this suspension to the OLR, as he was required to do. *See* SCR 22.22(1). The OLR learned of this suspension through other sources in June 2011.

¶ 7. On June 23, 2009, the Supreme Court of Minnesota publicly reprimanded Attorney Eichhorn-Hicks for his professional misconduct involving (1) his receipt on two occasions of advance fee payments in a client matter in which there was no written fee agreement without depositing such funds into a client trust account, and (2) his failure to disclose during a disciplinary investigation the full amount of the payments he had received for the representation of a client. *In re Disciplinary Action Against Eichhorn-Hicks*, 767 N.W.2d 20 (Minn. 2009). Like the 2000 suspension, this public reprimand was based on Attorney Eichhorn-Hicks' admission of his professional misconduct and his stipulation to the level of discipline. Attorney Eichhorn-Hicks also did not timely inform the OLR of this public reprimand.

---

[2] Attorney Eichhorn-Hicks' license to practice law in Minnesota was reinstated on February 8, 2002.

¶ 8. In addition to the public reprimand, the Minnesota Supreme Court also placed Attorney Eichhorn-Hicks on probation for a period of two years with a number of conditions. Under the terms of the Minnesota order, the period of probation was scheduled to expire in June 2011. The OLR's complaint does not allege that Attorney Eichhorn-Hicks violated any of the terms of his professional probation or that the probationary period was extended for any reason.

¶ 9. Under SCR 22.22(3), this court shall impose the identical discipline imposed by the other jurisdiction unless one of three exceptions are present. The first two exceptions involve situations where the disciplinary proceeding in the other jurisdiction deprived the respondent attorney of due process or suffered from a lack of proof. SCR 22.22(3)(a)-(b). Attorney Eichhorn-Hicks' answer to the OLR's complaint does not contain any allegation of a lack of due process or a lack of proof in the two Minnesota disciplinary proceedings at issue in this matter. Indeed, in each case Attorney Eichhorn-Hicks admitted that his conduct violated the Minnesota professional responsibility rules and stipulated to the level of discipline.

¶ 10. The third exception to the imposition of reciprocal discipline applies where the misconduct justifies substantially different discipline in Wisconsin. SCR 22.22(3)(c). Attorney Eichhorn-Hicks does not allege that this court's prior decisions in cases involving similar types of misconduct would justify a lesser sanction than his 2009 public reprimand or his 2000 one-year suspension. It is not the nature of the public reprimand or the length of the suspension that he challenges. Indeed, it would be hard for Attorney Eichhorn-Hicks to argue for a substantially less severe level of discipline in Wisconsin given that he stipulated

757

to the level of discipline in both Minnesota disciplinary cases. Thus, we conclude that the third exception does not apply in this case. Accordingly, pursuant to our rules, we impose both a public reprimand and a one-year suspension in this state as discipline that is identical to the discipline imposed in Minnesota in 2009 and 2000.[3]

¶ 11.   The issue raised by Attorney Eichhorn-Hicks' answer is not really whether a public reprimand and one-year suspension are appropriate levels of discipline, but whether a one-year suspension imposed by this court should be effective now or whether it should be retroactive to August 21, 2000, the effective date of the Minnesota suspension order. Attorney Eichhorn-Hicks contends that because he did not practice law in Wisconsin during the 2000–2001 period of his Minnesota suspension, it would be punitive to preclude him from practicing law in Wisconsin for a prospective period of one year.

¶ 12.   We reject Attorney Eichhorn-Hicks' argument. First, whether or not he voluntarily chose not to

---

[3] Although the Supreme Court of Minnesota attached a two-year period of probation to the 2009 public reprimand, we do not impose a similar period of probation. Probation is not one of the forms of discipline that this court generally imposes. In reciprocal discipline matters where the other jurisdiction has imposed a period of probation, we have approximated the effect of such probation by ordering the respondent attorney to comply with the probationary order entered in the other jurisdiction. *See, e.g., In re Disciplinary Proceedings Against Moree,* 2004 WI 118, 275 Wis. 2d 279, 281, 684 N.W.2d 667 (published order). We do not do so in this case, however, because the two-year Minnesota probationary period already expired in June 2011. Thus, there is no longer a probationary order in the other jurisdiction with which Attorney Eichhorn-Hicks must comply.

practice law in Wisconsin during the period of his Minnesota suspension, Attorney Eichhorn-Hicks was not precluded from practicing law in this state due to any disciplinary suspension. Thus, if we were now to make his Wisconsin suspension retroactive to 2000, he would effectively have avoided any discipline in Wisconsin for his professional misconduct. Second, the fact that Attorney Eichhorn-Hicks' Wisconsin license was not suspended simultaneously with his Minnesota license results solely from Attorney Eichhorn-Hicks' own failure to notify this state's regulatory authorities of his suspension. *See, e.g., In re Disciplinary Proceedings Against Nickitas,* 2006 WI 20, ¶¶ 4, 6–7, 289 Wis. 2d 18, 710 N.W.2d 464; *In re Disciplinary Proceedings Against Rhees,* 2003 WI 110, 263 Wis. 2d 703, 665 N.W.2d 256 (published order). Although Attorney Eichhorn-Hicks asserts that he was unaware of his obligation to do so, his failure to ascertain his legal and ethical obligations to this state is no excuse. Had he notified the OLR of his Minnesota suspension immediately after it had been imposed, as he was obligated to do, it is possible that his Wisconsin suspension may have been made coterminous with his Minnesota suspension. Given that the OLR learned of his suspension from other sources more than a decade after it was imposed, we perceive no unfairness in making the one-year suspension prospective from a specific date in the near future that will allow Attorney Eichhorn-Hicks to make arrangements to transfer or conclude any representations in Wisconsin.

¶ 13. Finally, because Attorney Eichhorn-Hicks' admission of his misconduct and his public discipline in Minnesota has avoided the necessity for the appointment of a referee and a more involved disciplinary

proceeding, we do not impose the costs of this proceeding against him.

¶ 14.  IT IS ORDERED that Tracy R. Eichhorn-Hicks is publicly reprimanded for his professional misconduct addressed in *In re Disciplinary Action Against Eichhorn-Hicks,* 767 N.W.2d 20 (Minn. 2009).

¶ 15.  IT IS FURTHER ORDERED that the license of Tracy R. Eichhorn-Hicks to practice law in Wisconsin is suspended for a period of one year, effective April 2, 2012, as discipline reciprocal to that imposed by the Supreme Court of Minnesota in *In re Disciplinary Action Against Eichhorn-Hicks,* 615 N.W.2d 356 (Minn. 2000).

¶ 16.  IT IS FURTHER ORDERED that Tracy R. Eichhorn-Hicks shall comply with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been suspended.