In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Lisa A. Webber HICKS, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Lisa A. Webber HICKS, Respondent.

Supreme Court

*No. 2011AP2736–D. Decided July 19, 2012.*

2012 WI 101

(Also reported in 816 N.W.2d 316.)

411

¶ 1. PER CURIAM. In this disciplinary proceeding, we consider whether to impose discipline on Attorney Lisa A. Webber Hicks reciprocal to that imposed by the Supreme Court of Tennessee or its disciplinary agency. As Attorney Webber Hicks has not alleged that any exception to reciprocal discipline in SCR 22.22(3)[1] applies, we impose both a public reprimand and a four-year suspension of Attorney Webber Hicks' license to practice law in Wisconsin as reciprocal discipline. We also require Attorney Webber Hicks to comply with a monitoring agreement mandated by the Supreme Court of Tennessee. Because it has not been necessary to appoint a referee in this matter, we do not impose the costs of this proceeding on Attorney Webber Hicks.

¶ 2. Attorney Webber Hicks was admitted to the practice of law in Wisconsin in June 1991. Her Wisconsin license was suspended in October 1991 for failure to pay bar dues and assessments and in June 1994 for failure to comply with mandatory continuing legal education (CLE) reporting requirements. Her Wisconsin license remains administratively suspended at the present time.

---

[1] SCR 22.22(3) states as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

¶ 3.   In 1997 Attorney Webber Hicks was also admitted to the practice of law in Tennessee. She has practiced law in that state under two other names:   Lisa Anne Temple and Lisa Anne Webber.[2]

¶ 4.   On November 29, 2011, the OLR filed a complaint regarding two instances of public discipline that had been imposed on Attorney Webber Hicks in Tennessee. It requested the court to issue an order directing Attorney Webber Hicks to show cause under SCR 22.22(3) why reciprocal discipline should not be imposed.

¶ 5.   On December 23, 2011, an order was issued directing Attorney Webber Hicks to inform the court of any claim against imposing reciprocal discipline under SCR 22.22(3) by January 12, 2012. Copies of the order were sent via both first-class mail and certified mail to the last address Attorney Webber Hicks had provided to the State Bar of Wisconsin, which was a Chicago residence, and to a Tennessee address that she had most recently provided to the Supreme Court of Tennessee. One of the envelopes sent to each of the addresses was apparently delivered as they were not returned as undeliverable. In addition, on January 24, 2012, a copy of the order to show cause was also personally served on Attorney Webber Hicks along with the OLR's complaint and order to answer. Thus, it is clear that Attorney Webber Hicks received actual notice that she had an opportunity to respond to the OLR's complaint and this court's order to show cause.

¶ 6.   At no point, however, did Attorney Webber Hicks file any response to the court's order to show

---

[2] There is a minor discrepancy between the complaint filed by the Office of Lawyer Regulation (OLR) and the pleadings in the disciplinary proceedings in Tennessee regarding the spelling of Attorney Webber Hicks' middle name. We use the spelling in the Tennessee pleadings.

cause. She also did not file any response to the OLR's complaint. Thus, we conclude that the allegations of the OLR's complaint and the attached copies of the Tennessee disciplinary materials are deemed admitted.

¶ 7. The attachments to the OLR's complaint show that the Supreme Court of Tennessee and its Board of Professional Responsibility (the Tennessee Board) have on two separate occasions imposed public discipline on Attorney Webber Hicks. On neither occasion did Attorney Webber Hicks inform the OLR of the imposition of public discipline, as she was required to do under SCR 22.22(1).[3]

¶ 8. The first discipline was a public censure issued on March 17, 2004, by the Tennessee Board. The censure document issued by the Tennessee Board stated that on two occasions Attorney Webber Hicks had caused incorrect disbursements to be made from client trust funds to her former law firm for fees that had not been approved. In addition, in order to remedy one of the incorrect disbursements, she had caused a disbursement to a client to be made from the law firm's operating account. Moreover, Attorney Webber Hicks also had delayed making disbursements to certain clients for several months, which in one case had caused the client to accumulate unnecessary interest. The censure document stated that Attorney Webber Hicks' conduct had violated Tennessee DR 1–102(A)(1)(5)(6), DR 2–106(A)(B), DR 7–101(A)(4)(a)(b)(c), and DR

---

[3] SCR 22.22(1) states:

> An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

414

9–102(A)(B). The Tennessee Board noted in mitigation that Attorney Webber Hicks had no prior discipline, had made restitution to the affected clients and her former law firm, had cooperated with the investigation of her conduct, had lacked significant experience with trust account matters at the time of the violations, and had expressed remorse for her misconduct.

¶ 9.    The second instance of discipline was a four-year suspension imposed by the Supreme Court of Tennessee on September 21, 2011, but made retroactive to the effective date of a temporary suspension that had been previously imposed on March 19, 2010. This suspension stemmed from six separate grievances filed against Attorney Webber Hicks, who ultimately entered a conditional guilty plea to the numerous allegations of professional misconduct. Some examples will suffice here to show the nature of Attorney Webber Hicks' admitted misconduct. In several of the representations at issue, Attorney Webber Hicks represented clients while her license to practice law in Tennessee was suspended due to her noncompliance with that state's CLE requirements. She also acknowledged that she had neglected the matters of two clients, had charged an unreasonable fee, had failed to respond to client inquiries, and had made multiple misrepresentations to a client, to opposing counsel, and to the Tennessee Board. Further, Attorney Webber Hicks admitted that she had signed her partner's name to settlement documents without his knowledge or consent. The Tennessee Rules of Professional Conduct violated by Attorney Webber Hicks included Rules 1.3; 1.4; 1.5; 1.16; 3.4(c); 5.5(a); 8.1(b); and 8.4(a), (c), and (d). In addition to the four-year license suspension, the Supreme Court of Tennessee also enforced Attorney Webber Hicks' agree-

ment to enter into and comply with a monitoring agreement administered by the Tennessee Lawyers Assistance Program.

¶ 10. In reciprocal discipline situations, our rules provide that we will impose discipline that is identical to the discipline imposed in the other jurisdiction, unless one of the three exceptions set forth in SCR 22.22(3) applies. In this case Attorney Webber Hicks has not alleged that any of the exceptions applies and has not responded to the OLR's complaint or the order to show cause in any way. Our review of the matter also does not indicate that any exception applies in this case. Thus, we impose both a public reprimand and a four-year suspension to match the two instances of public discipline imposed in Tennessee.

¶ 11. We further determine that under the facts of this case the four-year suspension should be prospective from the date of this opinion and order. We note that Attorney Webber Hicks failed to notify the OLR or this court of either instance of public discipline in Tennessee. Thus, there is no unfairness in the fact that Attorney Webber Hicks' suspension from the practice of law in this state is commencing more than two years after her initial temporary suspension in Tennessee. *See, e.g., In re Disciplinary Proceedings Against Eichhorn-Hicks,* 2012 WI 18, ¶ 12, 338 Wis. 2d 753, 809 N.W.2d 379 (rejecting attorney's request for retroactive suspension where, among other things, attorney had not notified the OLR of Minnesota suspension issued more than a decade earlier); *In re Disciplinary Proceedings Against Nickitas,* 2006 WI 20, ¶¶ 4, 6–7, 289 Wis. 2d 18, 710 N.W.2d 464 (rejecting attorney's request that suspension be made retroactive to date of suspension in other state).

¶ 12. Finally, because Attorney Webber Hicks did not contest this matter and there has been no need for

416

the appointment of a referee or further proceedings, we do not impose the costs of this disciplinary proceeding against Attorney Webber Hicks.

¶ 13. IT IS ORDERED that Lisa A. Webber Hicks is publicly reprimanded for her professional misconduct addressed in *In re: Lisa Anne Temple*, Tennessee Board of Professional Responsibility File No. 24031–2(K)-TC (March 17, 2004).

¶ 14. IT IS FURTHER ORDERED that the license of Lisa A. Webber Hicks to practice law in Wisconsin is suspended for a period of four years, effective the date of this order, as discipline reciprocal to that imposed by the Supreme Court of Tennessee in *In re: Lisa Anne Temple*, Supreme Court of Tennessee Case No. M2011–02003–SC-BPO-BP (September 21, 2011).

¶ 15. IT IS FURTHER ORDERED that Lisa A. Webber Hicks shall comply with the terms of the Tennessee Lawyers Assistance Program monitoring agreement for as long as such monitoring agreement is required by the Supreme Court of Tennessee.

¶ 16. IT IS FURTHER ORDERED that to the extent she has not already done so, Lisa A. Webber Hicks shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.