IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Lisa A. Webber HICKS, Attorney At Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Lisa A. Webber HICKS, Respondent.

Supreme Court

*No. 2012AP1947–D.—Decided January 23, 2013.*

2013 WI 9

(Also reported in 826 N.W.2d 41.)

¶ 1. PER CURIAM. The Office Lawyer Regulation (OLR) has filed a complaint and motion pursuant to SCR 22.22[1] asking this court to impose reciprocal discipline against Attorney Lisa A. Webber Hicks iden-

[1] SCR 22.22 provides, in part: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or

266

tical to the public censure imposed by the Supreme Court of Tennessee. The OLR's complaint further alleges that Attorney Webber Hicks failed to notify the OLR of the public censure in Tennessee within 20 days of the effective date of its imposition, contrary to SCR 22.22(1).

¶ 2. On November 14, 2012, in response to the OLR's motion, this court issued an amended order directing Attorney Webber Hicks to show cause in writing by December 4, 2012, why the imposition of discipline reciprocal to that imposed by the Supreme Court of Tennessee would be unwarranted. Attorney Webber Hicks failed to respond to either the OLR's complaint or the order to show cause.

¶ 3. Attorney Webber Hicks was admitted to practice law in Wisconsin in 1991. Her most recent address furnished to the State Bar of Wisconsin is in Chicago, Illinois. The OLR's complaint alleges that on information and belief, the most recent address Attorney Webber Hicks provided to the Supreme Court of Tennessee was Oliver Springs, Tennessee. Attorney Webber Hicks was admitted to practice law in Tennessee in 1997 and practiced under the names Lisa Anne Temple and Lisa Anne Webber.[2]

¶ 4. Attorney Webber Hicks' Wisconsin law license was suspended in June of 1994 for failure to comply with continuing legal education (CLE) requirements and failure to pay State Bar dues. Her Wisconsin

has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

[2] There is a minor discrepancy between the complaint filed by the OLR and the pleadings in the disciplinary proceedings in Tennessee regarding the spelling of Attorney Webber Hicks' middle name. We use the spelling in the Tennessee pleadings.

267

license remains suspended for those reasons. Attorney Webber Hicks' Wisconsin law license is also suspended for disciplinary reasons. This court imposed a four-year suspension and a public reprimand as reciprocal discipline to that imposed by the Supreme Court of Tennessee in a separate proceeding. *In re Disciplinary Proceedings Against [Webber] Hicks,* 2012 WI 101, 343 Wis. 2d 411, 816 N.W.2d 316. The professional misconduct in that case consisted of practicing law in Tennessee while her Tennessee law license was suspended; signing her law partner's name on a settlement document without his permission; failure to respond to the Board of Professional Responsibility of the Supreme Court of Tennessee's requests for information regarding her practice during suspension; making incorrect disbursements from client trust funds to her former law firm for unapproved fees; disbursing money from the firm's operating account to cover an improper disbursement; and delaying making disbursements to clients for several months.

¶ 5. In the instant matter, on May 25, 2012, the Supreme Court of Tennessee publicly censured Attorney Webber Hicks for agreeing to represent a client in a divorce while her license was suspended; not informing the client of her suspension; not filing the divorce; misrepresenting that she had obtained a divorce decree; failing to communicate with the client; and failing to return fees to the client after agreeing to do so.

¶ 6. Supreme Court Rule 22.22(3) provides that this court "shall impose the identical discipline or license suspension unless . . . [t]he procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;" "[t]here was such an infirmity of proof establishing the misconduct . . . that the supreme court could

not accept as final the conclusion in respect to the misconduct . . .;" or "[t]he misconduct justifies substantially different discipline in this state." Attorney Webber Hicks failed to respond to the order to show cause and has not alleged that any of these three exceptions exist. Accordingly, we conclude that the imposition of reciprocal discipline against her is warranted.

¶ 7. IT IS ORDERED that Lisa A. Webber Hicks is publicly reprimanded as reciprocal discipline to that imposed by the Supreme Court of Tennessee. Lisa A. Webber Hicks' license to practice law in Wisconsin remains suspended for both administrative and disciplinary reasons.