# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 19AP1426-D |
| COMPLETE TITLE: | In the Matter of the Disciplinary Proceedings Against Jeffrey P. White, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>v.<br><br>Jeffrey P. White,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST WHITE

| | |
|---|---|
| OPINION FILED: | October 22, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1426-D

STATE OF WISCONSIN         :        IN SUPREME COURT

**In the Matter of the Disciplinary Proceedings Against Jeffrey P. White, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

**v.**

**Jeffrey P. White,**

        **Respondent.**

**FILED**

**OCT 22, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On August 7, 2019, the Office of Lawyer Regulation (OLR) filed a two-count complaint against Attorney Jeffrey P. White. Count one alleged that by virtue of Attorney White's recent nine-month license suspension and public reprimand by the Maine Supreme Judicial Court, Attorney White should be subject to reciprocal discipline in Wisconsin pursuant to Supreme Court Rule (SCR) 22.22. Count two alleged that by failing to notify the OLR of his discipline in Maine within 20 days of its effective

date, Attorney White violated SCR 22.22(1).[1] After service of the complaint, the parties stipulated to the imposition of a reciprocal nine-month suspension. We approve the stipulation, and we therefore order a nine-month suspension of Attorney White's Wisconsin law license.

¶2 Attorney White's law license history is as follows. He was admitted to practice law in Wisconsin in 1986 and in Maine in 1988. He has no prior Wisconsin disciplinary history. His Wisconsin law license was administratively suspended in October 2010 for failure to pay State Bar dues and failure to submit the required trust account certification to the State Bar. His license remains administratively suspended.

¶3 In October 2018, a single justice of the Maine Supreme Judicial Court entered an order publicly reprimanding Attorney White and imposing a nine-month suspension of his Maine law license for four counts of misconduct arising out of four client matters. Attorney White appealed, and the Maine Supreme Judicial Court affirmed in a June 11, 2019 decision.

¶4 According to the allegations in the OLR's complaint and the Maine disciplinary records attached to the complaint,

_____

[1] SCR 22.22(1) provides:

An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

Attorney White's misconduct in Maine included two client matters in which, among other things, Attorney White failed to provide legal services; failed to properly communicate with his clients; and returned unearned client funds only after the clients had filed grievance complaints. In a third matter, Attorney White presented to the bankruptcy court a purported conformed copy of his client's affidavit. The client then testified at a hearing that although she had agreed to the content of the affidavit in a telephone conversation with Attorney White, she had never received, reviewed, or signed a physical copy of the affidavit. In a fourth matter, Attorney White misrepresented to the bankruptcy court the amount of his agreed retainer and anticipated fee, and transferred retainer funds into his operating account instead of his trust account, without obtaining bankruptcy court approval or notifying the United States Bankruptcy Trustee. The Maine Supreme Judicial Court stated that, by his conduct, Attorney White violated Rules 1.3; 1.4(a)(2), (3), and (4); 1.5(i); 1.15(b); 1.16(d); 3.3(a); 3.4(b); 4.1(a); 5.3; and 8.4(c) of the Maine Rules of Professional Conduct.

¶5 Attorney White did not notify the OLR of his discipline in Maine within 20 days of its effective date.

¶6 On September 9, 2019, after the OLR's complaint had been served on Attorney White but before a referee had been appointed, Attorney White entered into a stipulation with the OLR whereby he agreed that the facts alleged in the OLR's complaint supported a nine-month suspension of his Wisconsin law

3

license as reciprocal discipline to that imposed by the Maine Supreme Judicial Court. The parties jointly maintained that it was unnecessary for this court to impose a public reprimand in addition to a nine-month suspension, as the Maine Supreme Judicial Court did, given that the suspension will be a matter of public record.

¶7 Supreme Court Rule 22.22(3) states as follows:

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

¶8 Attorney White does not claim that any of the defenses found in SCR 22.22(3) apply. Attorney White further states that the stipulation did not result from plea bargaining; that he understands the allegations against him; that he understands the ramifications should the court impose the stipulated level of discipline; that he understands his right to contest this matter; that he understands his right to consult with counsel; that his entry into the stipulation is made knowingly and voluntarily; and that his entry into the stipulation represents his decision not to contest the misconduct alleged in the

4

complaint or the level and type of discipline sought by the OLR's director.

¶9 Upon our review of the matter, we accept the stipulation. We agree with the parties that, by imposing a nine-month suspension in this published decision, we are imposing discipline effectively identical to that imposed by the Maine Supreme Judicial Court; i.e., a nine-month suspension and a public reprimand. Although in a previous case we imposed both a license suspension and a public reprimand as reciprocal discipline, see In re Disciplinary Proceedings Against Eichhorn-Hicks, 2012 WI 18, 338 Wis. 2d 753, 809 N.W.2d 379, that case concerned two out-of-state disciplinary decisions that were issued some nine years apart. See id., ¶¶1-2, 14-15 (imposing discipline reciprocal to that imposed in Minnesota disciplinary cases from 2000 and 2009). While it was important in that matter to make clear that the respondent-lawyer had been disciplined twice by another jurisdiction, this case involves a single out-of-state disciplinary matter. There is no need, then, to both publicly reprimand and suspend Attorney White via this published decision. We are satisfied that the nine-month suspension we impose here is identical in effect to the discipline imposed by the Maine Supreme Judicial Court. See SCR 22.22(3).

¶10 Finally, because this matter was resolved by means of a stipulation, the OLR has not sought the imposition of costs, and we impose none.

5

¶11 IT IS ORDERED that the license of Jeffrey P. White to practice law in Wisconsin is suspended for nine months, effective the date of this order, as discipline reciprocal to that imposed by the Maine Supreme Judicial Court.

¶12 IT IS FURTHER ORDERED that, to the extent he has not already done so, Jeffrey P. White shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶13 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).

¶14 IT IS FURTHER ORDERED that the administrative suspension of Jeffrey P. White, due to his failure to pay State Bar dues and failure to submit the required trust account certification to the State Bar, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).