# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2022AP304-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Tracy R. Eichhorn-Hicks, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Tracy R. Eichhorn-Hicks,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST EICHHORN-HICKS

| | |
|---|---|
| OPINION FILED: | March 28, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2022AP304-D

STATE OF WISCONSIN      :      IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Tracy R. Eichhorn-Hicks,
Attorney at Law:

**Office of Lawyer Regulation,**

      Complainant,

      v.

**Tracy R. Eichhorn-Hicks,**

      Respondent.

**FILED**

**MAR 28, 2023**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended indefinitely.*

¶1 PER CURIAM. The Office of Lawyer Regulation (OLR) has filed a complaint under Supreme Court Rule (SCR) 22.22 asking this court to suspend indefinitely the license of Attorney Tracy R. Eichhorn-Hicks due to a medical incapacity as a reciprocal action to a transfer to "disability inactive status" ordered by the Supreme Court of Minnesota in a pending disciplinary proceeding. In re Disciplinary Action against Eichhorn-Hicks, No. A20-1123, unpublished order (Minn. S. Ct.

December 15, 2020). Having reviewed the OLR's complaint and the relevant documents from the Minnesota proceeding, we conclude that a reciprocal indefinite suspension due to medical incapacity should be imposed on Attorney Eichhorn-Hicks's license to practice law in Wisconsin.

¶2 Attorney Eichhorn-Hicks was admitted to the practice of law in Minnesota in 1975. He was admitted to the practice of law in Wisconsin in July 1984. He most recently practiced law in Minneapolis.

¶3 Attorney Eichhorn-Hicks has been the subject of three instances of public discipline in this state, all of which occurred as discipline reciprocal to that imposed by the Supreme Court of Minnesota. In 2012, this court addressed two separate Minnesota disciplinary actions by both publicly reprimanding Attorney Eichhorn-Hicks and imposing a one-year suspension of his Wisconsin license. In re Disciplinary Proceedings Against Eichhorn-Hicks, 2012 WI 18, 338 Wis. 2d 753, 809 N.W.2d 379 (Eichhorn-Hicks I).[1] In 2019, pursuant to Attorney Eichhorn-

---

[1] The two underlying Minnesota disciplinary proceedings were In re Disciplinary Action Against Eichhorn-Hicks, 767 N.W.2d 20 (Minn. 2009) (public reprimand for (1) receipt of advance fee payments without a written fee agreement and without depositing the funds into a client trust account and (2) failing to disclose information during a disciplinary investigation), and In re Disciplinary Action Against Eichhorn-Hicks, 615 N.W.2d 356 (Minn. 2000) (one-year suspension for misconduct including misuse of client trust account, failure to maintain proper trust account records, temporary misappropriation of trust account funds, making a false certification on attorney registration statements, and making false statements to disciplinary authorities).

Hicks's stipulation, this court suspended Attorney Eichhorn-Hicks's license to practice law in Wisconsin for a period of 120 days and ordered him to comply with conditions imposed by the Supreme Court of Minnesota. In re Disciplinary Proceedings Against Eichhorn-Hicks, 2019 WI 91, 388 Wis. 2d 478, 933 N.W.2d 106 (Eichhorn-Hicks II).[2] We concluded that the suspension and the requirement to comply with the Minnesota conditions were the best way to replicate the discipline imposed by the Supreme Court of Minnesota. Attorney Eichhorn-Hicks's license remains subject to this disciplinary suspension.

¶4 In addition to the continuing disciplinary suspension, Attorney Eichhorn-Hicks's license to practice law in Wisconsin is also currently subject to a number of administrative suspensions. In October 2018, Attorney Eichhorn-Hicks's Wisconsin license was administratively suspended due to his failure to pay his State Bar dues and to submit a signed client trust account certification. In June 2019, Attorney Eichhorn-Hicks's Wisconsin license was also administratively suspended for failure to comply with mandatory continuing legal education (CLE) reporting requirements. Those administrative suspensions have not been lifted.

¶5 This proceeding began with the filing of a complaint and order to answer. Attorney Eichhorn-Hicks subsequently submitted an admission of service, but he did not file an answer

---

[2] The underlying Minnesota disciplinary proceeding was In re Disciplinary Action Against Eichhorn-Hicks, 916 N.W.2d 32 (Minn. 2018).

3

to the complaint. Attorney Eichhorn-Hicks also did not respond to the court's order asking him whether there were any grounds under SCR 22.22(3) for not imposing a reciprocal suspension for medical incapacity. We therefore take the allegations of the OLR's complaint as true.

¶6 The OLR's complaint and the attached certified records from the Supreme Court of Minnesota show that in August 2020 the Minnesota Office of Lawyers Professional Responsibility (MOLPR) filed a disciplinary proceeding against Attorney Eichhorn-Hicks. In re Disciplinary Action Against Eichhorn-Hicks, No. A20-1123 (Minn. S. Ct.) The MOLPR's complaint alleged that Attorney Eichhorn-Hicks had violated a substantial number of the Minnesota Rules of Professional Conduct in three separate client representations. The complaint asked that the Supreme Court of Minnesota suspend or disbar Attorney Eichhorn-Hicks from the practice of law in that state. Attorney Eichhorn-Hicks filed a handwritten answer to the MOLPR's complaint. In addition to responding to the allegations of the complaint, many of which Attorney Eichhorn-Hicks admitted, the answer contained two pages of narrative describing a series of medical problems that Attorney Eichhorn-Hicks had encountered over the preceding three years.

¶7 In response to that narrative, the MOLPR Director filed a motion to transfer Attorney Eichhorn-Hicks to disability inactive status under Rule 28(a) and (c)(1) of the Minnesota Rules on Lawyers Professional Responsibility (MRLPR), alleging that Attorney Eichhorn-Hicks was not currently competent to

4

represent clients. Rule 28(c)(1) of the MRLPR provides that in the event that a respondent lawyer in a disciplinary proceeding alleges that the lawyer is disabled and unable to assist in the defense of the proceeding, the Supreme Court of Minnesota may transfer the lawyer to "disability inactive status." Attorney Eichhorn-Hicks stipulated to the Director's motion. After reviewing the stipulation and the case file, the Supreme Court of Minnesota accepted the stipulation and transferred Attorney Eichhorn-Hicks to disability inactive status in that state.

¶8 In the context of a request for a reciprocal medical incapacity suspension, SCR 22.22(3) states that this court "shall impose the identical discipline or license suspension" for medical incapacity unless one of two exceptions is satisfied: either (1) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process or (2) there was such an infirmity of proof in the other jurisdiction that this court could not accept as final the determination of the other jurisdiction.[3] As noted above, Attorney Eichhorn-Hicks has not alleged that either of these exceptions applies to his situation. We have reviewed the documents from the Minnesota proceeding, and we conclude that neither exception applies. Moreover, it is important to remember that Attorney Eichhorn-

---

[3] There is a third exception in SCR 22.22(3), but it does not apply to medical incapacity situations. The third exception to the requirement to impose reciprocal discipline occurs when "[t]he misconduct justifies substantially different discipline in this state." SCR 22.22(3).

Hicks ultimately stipulated to the transfer to disability inactive status in Minnesota. Thus, we are required by our rules to impose an identical medical incapacity suspension in this state, and it is fair to do so.

¶9 We do note that there is a potential procedural complication in this matter. The Minnesota rule under which the supreme court of that state acted (MRLPR 28(c)) is predicated on the existence of a pending disciplinary proceeding and contemplates that the indefinite suspension will stay the disciplinary proceeding until the lawyer is determined to be fit to resume the practice of law.

¶10 This Minnesota rule is similar to SCR 22.16(4), which may apply when a respondent lawyer in a disciplinary proceeding "claims to have a medical incapacity that makes the defense of the proceeding impossible." In that event, the referee presiding over the disciplinary proceeding holds a hearing on the medical incapacity issue and makes findings of fact concerning whether the lawyer has a medical incapacity that prevents the lawyer from being able to defend against the allegations of professional misconduct. If the referee makes a finding of such a medical incapacity and this court approves that finding, we "shall abate the misconduct proceeding and suspend the respondent's license to practice law for medical incapacity until the court orders reinstatement of the attorney's license under SCR 22.36." SCR 22.16(4)(d).

¶11 The complication in this matter is that there is no pending disciplinary proceeding in this state to which SCR

6

22.16(4)(d) could apply by its express terms. The only pending disciplinary proceeding is in Minnesota and is based upon allegations of misconduct that occurred in that state.

¶12 Another common procedure in this state for resolving a question of a lawyer's medical incapacity is a proceeding designed specifically for that purpose. See SCRs 22.34-22.341. Under that procedure, the OLR files a complaint in a new stand-alone action alleging that a lawyer has a medical incapacity, which is defined in SCR 22.001(8) as "a physical, mental, emotional, social or behavioral condition that is recognized by experts in medicine or psychology as a principal factor which substantially prevents a person from performing the duties of an attorney to acceptable professional standards." The lawyer may file an answer to such a complaint, and there is a full litigation process in front of one of this court's referees. Ultimately, whether or not an appeal is taken from the referee's report and recommendation in such a proceeding, this court makes the final determination as to whether the attorney's license should be indefinitely suspended due to medical incapacity. SCR 22.341. A suspension imposed in such a stand-alone proceeding remains in effect until the respondent attorney petitions for reinstatement under SCR 22.36 and this court grants that petition.

¶13 Thus, whether the medical capacity suspension occurs in a pending disciplinary proceeding under SCR 22.16(4) or in a separate medical incapacity proceeding under SCRs 22.34-22.341, the suspension continues indefinitely until a petition for

7

reinstatement is granted under SCR 22.36. The length of the indefinite suspension and the procedure for reinstatement are the same in both situations.

¶14 Consequently, although there was no separate proceeding in Minnesota comparable to a medical incapacity proceeding under SCRs 22.34-22.341 and although there is no pending disciplinary proceeding in this state comparable to the disciplinary proceeding pending in Minnesota to which we could apply SCR 22.16(4)(d), we are satisfied that, in light of Attorney Eichhorn-Hicks's stipulation to the transfer of his Minnesota license to inactive disability status, it is proper to suspend Attorney Eichhorn-Hicks's Wisconsin license indefinitely due to his medical incapacity. The indefinite suspension shall remain in effect until such time as Attorney Eichhorn-Hicks files a petition for reinstatement under SCR 22.36 and that petition is granted by order of this court. This is the closest that we can come to imposing the "identical" license suspension as the Supreme Court of Minnesota adopted by transferring Attorney Eichhorn-Hicks's Minnesota license to inactive disability status.

¶15 IT IS ORDERED that the license of Tracy R. Eichhorn-Hicks to practice law in Wisconsin is suspended for an indefinite period, commencing the date of this order and until further order of the court. If at some point Attorney Eichhorn-Hicks seeks to terminate this suspension, he shall file a petition for reinstatement under SCR 22.36 and shall proceed under that rule.

¶16 IT IS FURTHER ORDERED that Tracy R. Eichhorn-Hicks shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶17 IT IS FURTHER ORDERED that the existing 120-day disciplinary suspension imposed on Attorney Tracy R. Eichhorn-Hicks, see In re Disciplinary Proceedings Against Eichhorn-Hicks, 2019 WI 91, 388 Wis. 2d 478, 933 N.W.2d 106, will remain in effect until Attorney Eichhorn-Hicks is reinstated from that suspension pursuant to the requirements of SCR 22.28(2).

¶18 IT IS FURTHER ORDERED that the administrative suspensions of Tracy R. Eichhorn-Hicks's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, his failure to complete his trust account certification, and his failure to comply with mandatory CLE reporting requirements, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).