**2025 WI 54**

# Supreme Court of Wisconsin



IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
DANIEL O. BARHAM, ATTORNEY AT LAW

OFFICE OF LAWYER REGULATION,

*Complainant,*

*v.*

DANIEL O. BARHAM,
*Respondent.*

No. 2025AP2010-D

Decided December 11, 2025

ATTORNEY DISCIPLINARY PROCEEDINGS

¶1    PER CURIAM.  The Office of Lawyer Regulation (OLR) and Attorney Daniel O. Barham filed a stipulation pursuant to Supreme Court Rule (SCR) 22.12, requesting the court to publicly reprimand Attorney Barham as discipline reciprocal to that imposed by the Supreme Court of Tennessee's Board of Professional Responsibility. They also request that the court dismiss Count 2 of the OLR's complaint against Attorney Barham for allegedly violating SCR 22.21 by failing to timely notify the OLR of his public censure in Tennessee. We accept the parties' stipulation, dismiss Count 2 of the OLR's complaint, and publicly reprimand Attorney Barham. Because the parties were able to resolve this matter without the need for appointment of a referee, no costs will be imposed.

¶2    Attorney Barham was admitted to the practice of law in Wisconsin in 2013. He was admitted to the practice of law in Tennessee in 2015. He has no prior discipline in Wisconsin.

Per Curiam

¶3     Attorney Barham's firm represented two companies in a breach of contract action in Tennessee involving the sale and manufacture of COVID-19 test kits. During the course of litigation, the court entered an order appointing a receiver, enjoined the defendants from dissipating assets, and required the defendants to surrender the test kits and any profits derived therefrom to the receiver. Thereafter, the defendants settled a third-party claim related to the test kits for approximately $700,000, which funds Attorney Barham deposited into his firm's trust account—believing that the settlement was not subject to the prior order. At a subsequent contempt proceeding, the parties agreed that the disputed funds were payable to the receiver. As a result of these actions, on March 20, 2025, Attorney Barham received a public censure from the Supreme Court of Tennessee's Board of Professional Responsibility for violating the Tennessee Rules of Professional Responsibility, Rule 3.4 (Fairness to Opposing Party and Counsel) and Rule 8.4(d) (Misconduct).

¶4     On September 4, 2025, the OLR filed a two-count complaint and motion requesting an order to show cause against Attorney Barham, as well as an order to answer, alleging: 1) that "[b]y virtue of the Tennessee Public Censure, Barham is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22," and 2) "[b]y failing to notify OLR of his Public Censure by the Supreme Court of Tennessee for professional misconduct within 20 days of the effective date of its imposition, Barham violated SCR 22.22(1)."[1]

¶5     Before the time to answer expired, the parties filed a stipulation pursuant to SCR 22.12, under which the parties agree that Count 2 should be dismissed because although Attorney Barham failed to notify the OLR of his public censure within the 20 days required by SCR 22.22(1), he did notify the OLR one day after he received notice of the Tennessee disciplinary sanction. Under the stipulation, Attorney Barham admits all of

---

[1] Supreme Court Rule 22.22(1) provides:

      (1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

the remaining facts in the complaint pertaining to Count 1 and further agrees that he is subject to reciprocal discipline. The parties further agree that the appropriate level of discipline is a public reprimand.

¶6    The parties represent that the stipulation did not result from plea bargaining. Attorney Barham also represents and verifies that he fully understands his rights to contest the OLR's allegations, to cross-examine witnesses called by the OLR, to call witnesses and present testimony and evidence on his own behalf, to require the OLR to prove its allegations by clear, satisfactory and convincing evidence, and to make arguments to a referee that the OLR has failed to meet its burden of proof. In addition, Attorney Barham states that he fully understands the ramifications of his entry into the stipulation, that he has the right to consult counsel, and that his entry into the stipulation is made knowingly and voluntarily.

¶7    Pursuant to SCR 22.22(3), in reciprocal disciplinary matters, this court "shall impose the identical discipline or license suspension" as did the other jurisdiction, "unless one of more of the following" exceptions exist:

> (a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

> (b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

> (c) The misconduct justifies substantially different discipline in this state.

SCR 22.22(3)(a)-(c).

¶8    Neither party argues that any of the exceptions listed in SCR 22.22(3) apply to this case. According to a certified copy of a Release of Information from the Supreme Court of Tennessee pertaining to Attorney Barham's public censure, "[a] Public Censure is a rebuke and warning to the attorney, but it does not affect the attorney's ability to practice law." This court has previously determined that a public reprimand in Wisconsin is "identical discipline" to a public censure in Tennessee. *See In re*

Per Curiam

*Disciplinary Proceeding against Hicks*, 2013 WI 9, ¶¶5-6, 345 Wis. 2d 265, 826 N.W.2d 41 (public reprimand imposed when "the Supreme Court of Tennessee publicly censured Attorney Webber Hicks" for misconduct in a divorce proceeding). Further, a public reprimand is consistent with discipline imposed in similar cases in Wisconsin in which an attorney has violated court orders relating to handling of client funds. *See In re Disciplinary Proceedings Against Miller*, 2005 WI 146, 286 Wis.2d 79, 704 N.W.2d 912 (attorney publicly reprimanded for failing to comply with court order to disburse funds in trust account to the opposing party in a divorce proceeding and instead disbursing the funds to himself and his client). Therefore, a public reprimand constitutes "the identical discipline" in this case. Because this matter was resolved by stipulation and without the need for appointment of a referee, no costs are imposed.

¶9     IT IS ORDERED that Attorney Daniel O. Barham is publicly reprimanded.