# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP2326-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against<br>Tracy R. Eichhorn-Hicks, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　　Complainant,<br>　　　v.<br>Tracy R. Eichhorn-Hicks,<br>　　　　　Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST EICHHORN-HICKS

| | |
|---|---|
| OPINION FILED: | May 23, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|　COURT: | |
|　COUNTY: | |
|　JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|　CONCURRED: | |
|　DISSENTED: | |
|　NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2011AP2326-D

STATE OF WISCONSIN             :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Tracy R. Eichhorn-Hicks, Attorney at Law:**

**Office of Lawyer Regulation,**

              **Complainant,**

       **v.**

**Tracy R. Eichhorn-Hicks,**

              **Respondent.**

**FILED**

**MAY 23, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.   *Reinstatement granted.*

¶1   PER CURIAM.   We review a report filed by referee James G. Curtis recommending that the court reinstate the license of Tracy R. Eichhorn-Hicks to practice law in Wisconsin. After careful review of the matter, we agree that Attorney Eichhorn-Hicks' license should be reinstated.   Although the referee recommends that the costs of the reinstatement proceeding be reduced, we find it appropriate to require Attorney Eichhorn-Hicks to pay the full costs of the proceeding, which are $3,159.37 as of November 22, 2013.

¶2 Attorney Eichhorn-Hicks was licensed to practice law in Minnesota in 1975, and became licensed to practice law in Wisconsin in 1984. He practices primarily in Minnesota.

¶3 On August 21, 2000, the Supreme Court of Minnesota suspended Attorney Eichhorn-Hicks' license for a period of one year due to professional misconduct, including misuse of his trust account, failure to maintain proper trust account records, temporary misappropriation of funds, making a false certification on his attorney registration statements, and making false statements to the director of the Minnesota Office of Lawyers Professional Responsibility. In re Disciplinary Action Against Eichhorn-Hicks, 615 N.W.2d 356 (Minn. 2000). Attorney Eichhorn-Hicks did not report the suspension to the Office of Lawyer Regulation (OLR), as he was required to do. See SCR 22.22(1). The OLR learned of the suspension through other sources in June of 2011. During the period of the Minnesota suspension, Attorney Eichhorn-Hicks did not practice law in either Minnesota or Wisconsin.

¶4 Effective February 8, 2002, the Supreme Court of Minnesota reinstated Attorney Eichhorn-Hicks' license to practice law in Minnesota, subject to the condition that he be placed on supervised probation for three years. The terms of his probation included supervision by a licensed Minnesota attorney; maintenance and review by the supervising attorney of certain client, file, and fee records; maintenance of trust account records and compliance with any requests to review those records by the director of the Office of Lawyers Professional

2

Responsibility; and abstinence from alcohol and other mood-altering chemicals.

¶5 On June 23, 2009, the Supreme Court of Minnesota publicly reprimanded Attorney Eichhorn-Hicks for professional misconduct involving his receipt on two occasions of advanced fee payments in a client matter in which there was no written fee agreement, his failure to deposit such funds into a client trust account, and his failure to disclose during a disciplinary investigation the full amounts of payments he had received for the representation of a client. In re Disciplinary Action Against Eichhorn-Hicks, 767 N.W.2d 20 (Minn. 2009). Again, Attorney Eichhorn-Hicks failed to timely inform the OLR of this public reprimand.

¶6 In addition to the 2009 public reprimand, the Supreme Court of Minnesota also placed Attorney Eichhorn-Hicks on probation for two years with a number of conditions. Under the terms of the Minnesota order, the period of probation was scheduled to expire in June of 2011. As with the 2000 suspension, the OLR learned of the 2009 public reprimand in June of 2011 through other sources.

¶7 In October of 2011, the OLR filed a complaint against Attorney Eichhorn-Hicks alleging that, by virtue of having received public discipline imposed by the Supreme Court of Minnesota, he was subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. The complaint also alleged that by failing to notify the OLR of either the 2000 suspension or the

2009 public reprimand, Attorney Eichhorn-Hicks violated SCR 22.22(1).

¶8 On March 1, 2012, this court ordered that Attorney Eichhorn-Hicks be publicly reprimanded for the misconduct leading to the 2009 public reprimand in Minnesota. It also ordered that his license to practice law in Wisconsin be suspended effective April 2, 2012, for a period of one year, as reciprocal discipline to that issued by the Supreme Court of Minnesota. Attorney Eichhorn-Hicks was further ordered to comply with the provisions of SCR 22.26. In re Disciplinary Proceedings Against Eichhorn-Hicks, 2012 WI 18, 338 Wis. 2d 753, 809 N.W.2d 379.

¶9 On May 13, 2013, Attorney Eichhorn-Hicks filed a petition for the reinstatement of his license to practice law in Wisconsin. The OLR filed a response on September 20, 2013. In its response, the OLR suggested that the referee might wish to explore Attorney Eichhorn-Hicks' understanding of his obligation to strictly and fully comply with supreme court rules and may also wish to explore the accuracy of declarations contained in his reinstatement petition. Specifically, the OLR expressed concern that Attorney Eichhorn-Hicks may have practiced law after the effective date of the suspension of his Wisconsin law license. Attorney Eichhorn-Hicks' possible practice after the suspension of his license involved his representation of C.K., an Illinois resident, on a Wisconsin OWI charge in Barron County.

4

¶10 A public hearing on Attorney Eichhorn-Hicks' petition for reinstatement was held on October 15, 2013. The referee filed his report and recommendation in the matter on November 4, 2013.

¶11 Supreme Court Rule 22.31(1)[1] provides the standards to be met for reinstatement. Specifically, the petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition to these requirements, SCR 22.29(4)(a)-(4m)[2] provides additional requirements that a

---

[1] SCR 22.31(1) states:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[2] SCR 22.29(4)(a) through (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the

petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶12 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶13 We conclude the referee's findings support a determination that Attorney Eichhorn-Hicks has met his burden to establish by clear, convincing, and satisfactory evidence that he has met all of the standards required for reinstatement.

¶14 With respect to the concern raised in the OLR's response to the reinstatement petition that Attorney Eichhorn-Hicks may have practiced law during the term of his Wisconsin suspension, the referee said that having heard Attorney Eichhorn-Hicks' testimony and explanation at the hearing, the referee was satisfied that Attorney Eichhorn-Hicks did not in fact engage in the practice of law while he was suspended. The referee said Attorney Eichhorn-Hicks credibly explained that he anticipated C.K. would be engaging a new lawyer and that Attorney Eichhorn-Hicks would be turning over the file to C.K.'s new counsel. Attorney Eichhorn-Hicks explained that under SCR 20:1.16(d), he had a duty, upon termination of the representation, to take appropriate steps to protect his

petitioner's explanation of the failure or inability to do so.

client's interests. Attorney Eichhorn-Hicks explained that on April 30, 2012, after his Wisconsin license had been suspended, he made a call to the district attorney's office to ask if there had ever been a response to a settlement proposal he had made on March 31, 2012. Attorney Eichhorn-Hicks explained at the hearing that he understood the case was over as far as his involvement in it, and the purpose of his phone call was simply to inquire if there had been a response to his settlement proposal, as he anticipated forwarding information to C.K.'s new attorney.

¶15 The referee said SCR 22.26 envisions an orderly winding up of an attorney's practice upon suspension. The referee concluded that Attorney Eichhorn-Hicks' phone call to the district attorney's office was consistent with that practice. The referee said he was satisfied that Attorney Eichhorn-Hicks did not improperly engage in the practice of law in Wisconsin during the term of his suspension.

¶16 The referee found that Attorney Eichhorn-Hicks complied with the terms of the order of his suspension. While the referee noted that Attorney Eichhorn-Hicks did not timely file the affidavit required by SCR 22.26(1)(e), the referee found this to be a technical violation and an insignificant factor in assessing the request for reinstatement. The referee found that Attorney Eichhorn-Hicks has maintained competence in learning in the law by attending various educational activities, and the referee found that Attorney Eichhorn-Hicks' conduct since the suspension has been exemplary and above reproach.

8

¶17 The referee also found that Attorney Eichhorn-Hicks has a proper understanding of an attitude toward the standards that are imposed upon members of the bar and that he will act in conformity with those standards. The referee noted that in addition to the 2000 suspension and the 2009 public reprimand imposed by the Supreme Court of Minnesota, Attorney Eichhorn-Hicks had a rather extensive history of discipline in Minnesota which included multiple private admonitions and private probations. In spite of this history, the referee noted that the OLR acknowledged that "Minnesota's Office of Lawyers Professional Responsibility continues to respond with reprimand level and probationary actions, allowing Eichhorn-Hicks' continued practice in Minnesota. His lengthy career and Minnesota's reactions to his failures are persuasive evidence that he does ultimately practice within standards sufficient to safely represent the public." The referee noted that when specifically asked at the hearing whether he could provide assurances that from this point forward he would do his utmost to abide by all of the technicalities, "Eichhorn-Hicks acknowledged that in the past, he probably wasn't as focused on the rules as he should have been but that recently he had been very careful, and was much more tuned-in to the rules than he had ever been. The assurance was given in a straight-forward and credible fashion."

¶18 The referee concluded that Attorney Eichhorn-Hicks can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to

9

represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts. The referee stated:

> From his demeanor and presentation at the hearing, the Referee is persuaded that Eichhorn-Hicks can safely be recommended to return to the active practice of law in Wisconsin. After 38 years in practice, he continues to work 60 to 70 hours per week and enjoys trying cases. Many of his representations are handled on a fixed-fee basis and he is willing to devote the time and effort necessary to handle matters properly. During the term of his Wisconsin suspension, he maintained an active law practice in Minnesota and there is no basis to question his fitness to represent clients in Wisconsin matters.

¶19 This court has carefully evaluated whether Attorney Eichhorn-Hicks has met the requirements for the reinstatement of his license to practice law in Wisconsin, and we conclude that he has. We agree with the referee that Attorney Eichhorn-Hicks has met his burden of proof with respect to all elements needed to justify his reinstatement.

¶20 Attorney Eichhorn-Hicks has objected to the OLR's statement of costs and argues that it represents a fine or penalty. He points out that when his Minnesota license was suspended for one year in 2000, he did not practice in either Minnesota or Wisconsin for that year and it was not until more than ten years later that the OLR discovered the Minnesota suspension and pursued reciprocal discipline which led to the one-year suspension of Attorney Eichhorn-Hicks' Wisconsin law license effective in April of 2012. The referee found this

10

argument to be persuasive, saying Attorney Eichhorn-Hicks' primary mistake was to fail to report his Minnesota discipline to the OLR as required by SCR 22.22. The referee opines that if Attorney Eichhorn-Hicks had reported the Minnesota discipline in 2000, it is likely that the Wisconsin suspension would have been made coterminous with the suspension of Attorney Eichhorn-Hicks' Minnesota license. The referee said, "Because of his failure to comply with the notification requirements of SCR 22.22(1), Mr. Eichhorn-Hicks has been subjected to a serious sanction and, in effect, a second one-year suspension." For that reason, the referee recommends that this court relieve Attorney Eichhorn-Hicks from having to pay the fees and expenses of the OLR's counsel in the reinstatement case, which would reduce the net cost assessment to $1,594.65.

¶21 This court's general practice is to assess the full costs against a respondent. SCR 22.24(1m). In order to award something less than full costs, the court must find extraordinary circumstances. We do not believe that this case presents the sort of extraordinary circumstances necessary to relieve Attorney Eichhorn-Hicks from having to bear the full costs of the reinstatement proceeding.

¶22 IT IS ORDERED that the license of Tracy R. Eichhorn-Hicks to practice law in Wisconsin is reinstated effective the date of this order.

¶23 IT IS FURTHER ORDERED that within 60 days of the date of this order, Tracy R. Eichhorn-Hicks shall pay to the Office

11

of Lawyer Regulation the costs of this proceeding, which are $3,159.37.

¶24 IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of Tracy R. Eichhorn-Hicks' license to practice law in Wisconsin.