# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP2347-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Tracy R. Eichhorn-Hicks, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | Tracy R. Eichhorn-Hicks, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST EICHHORN-HICKS

| | |
|---|---|
| OPINION FILED: | September 24, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP2347-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Tracy R. Eichhorn-Hicks, Attorney
at Law:

Office of Lawyer Regulation,

     Complainant,

    v.

Tracy R. Eichhorn-Hicks,

     Respondent.

**FILED**

**SEP 24, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. In this reciprocal discipline matter, Attorney Tracy R. Eichhorn-Hicks has entered into a stipulation with the Office of Lawyer Regulation (OLR). In the stipulation the parties agree that it would be appropriate for this court to impose the level of discipline sought by the OLR as being reciprocal to the discipline imposed by the Supreme Court of Minnesota, namely a 120-day suspension of Attorney Eichhorn-Hicks' license to practice law in Wisconsin and an order

directing Attorney Eichhorn-Hicks to comply with the conditions imposed upon him by the Supreme Court of Minnesota. Having carefully reviewed the matter, we accept the stipulation and impose the requested sanction. Given the fact that Attorney Eichhorn-Hicks entered into a comprehensive stipulation before the appointment of a referee, we do not require him to pay the costs of this proceeding.

¶2 Attorney Eichhorn-Hicks was admitted to the practice of law in Minnesota in 1975. He was subsequently admitted to the practice of law in this state in 1984. He has maintained a law practice in Minneapolis.

¶3 Attorney Eichhorn-Hicks' disciplinary history in Wisconsin consists of a one-year suspension and a public reprimand, which were also imposed as discipline reciprocal to that imposed by the Supreme Court of Minnesota in two separate disciplinary proceedings. In re Disciplinary Proceedings Against Eichhorn-Hicks, 2012 WI 18, 338 Wis. 2d 753, 809 N.W.2d 379. Specifically, the one-year suspension was reciprocal to a one-year suspension imposed in Minnesota in 2000, which resulted from Attorney Eichhorn-Hicks' misuse of his client trust account, his failure to maintain proper trust account records, his temporary misappropriation of funds, his false certification on attorney registration statements, and his false statements to Minnesota regulatory authorities. Id., ¶6. The public reprimand was reciprocal to a public reprimand imposed by the Supreme Court of Minnesota in 2009 for professional misconduct involving (1) his receipt of advance fee

2

payments without a written fee agreement and without placing those advance fees into his client trust account and (2) his failure to disclose during a disciplinary investigation the full amounts of payments he had received for the representation of a client. Id., ¶7. Because the OLR learned of these two instances of Minnesota discipline at the same time, this court imposed both forms of reciprocal discipline in the same proceeding. Id., ¶¶1-2. Attorney Eichhorn-Hicks' license to practice law in Wisconsin was reinstated in May 2014. In re Disciplinary Proceedings Against Eichhorn-Hicks, 2014 WI 26, 353 Wis. 2d 590, 846 N.W.2d 806.

¶4 Attorney Eichhorn-Hicks' license to practice law in Wisconsin has been administratively suspended since October 31, 2018, due to his failure to pay state bar dues and to certify his client trust account information. Attorney Eichhorn-Hicks was also administratively suspended on June 5, 2019, for failure to comply with continuing legal education (CLE) reporting requirements. His license remains administratively suspended as of the date of this opinion.

¶5 In the present action, the OLR's complaint alleged two counts. First, the complaint alleged that due to the imposition of an indefinite suspension of his Minnesota law license with a right to petition for reinstatement after 120 days and of certain conditions on his Minnesota law license, Attorney Eichhorn-Hicks is subject to reciprocal discipline in this state under Supreme Court Rule (SCR) 22.22. Second, the complaint alleged that Attorney Eichhorn-Hicks had failed to notify the

3

OLR of the professional discipline imposed in Minnesota, in violation of SCR 22.22(1).

¶6 After Attorney Eichhorn-Hicks was served with the complaint and before he was ordered to show cause why reciprocal discipline should not be imposed, Attorney Eichhorn-Hicks entered into a comprehensive stipulation with the OLR. In the stipulation, Attorney Eichhorn-Hicks admitted that the Supreme Court of Minnesota had indefinitely suspended his right to practice law in that state with a right to petition for reinstatement after 120 days and had imposed a number of conditions upon his reinstatement and his practice of law if reinstated.[1] That discipline resulted from the following professional misconduct in three client matters:

1. By not stating in a written fee agreement with a client that an advanced flat fee could be subject to a refund under certain conditions, Attorney Eichhorn-Hicks violated Minnesota Rule of Professional Conduct (Minn. R. Prof. Conduct) 1.5(b);

2. By failing to communicate a plea agreement offer to a client in a criminal case, Attorney Eichhorn-Hicks violated Minn. R. Prof. Conduct 1.1, 1.2(a), 1.3, and 1.4(a)(1)-(3); and

3. By forging his client's signature on a medical records release form, falsely signing his own name as a witness to the client's signature, and then presenting the falsely signed form to a third-

---

[1] Attorney Eichhorn-Hicks further stipulated that he had failed to notify the OLR of the suspension of his Minnesota law license within 20 days of its effective date, as required by SCR 22.22(1).

party, Attorney Eichhorn-Hicks violated Minn. R. Prof. Conduct 8.4(c)-(d).

¶7 Under SCR 22.22(3), this court shall impose the identical discipline or license suspension imposed in another jurisdiction, unless one or more of three exceptions apply. In the stipulation, Attorney Eichhorn-Hicks states that he does not claim that any such exception applies to his case.

¶8 Given the nature of the Minnesota suspension, the OLR and Attorney Eichhorn-Hicks agree that it would be appropriate for this court to impose a 120-day suspension of Attorney Eichhorn-Hicks' license to practice law in Wisconsin. They also note in the stipulation that in situations where the other jurisdiction has imposed a form of discipline that this court does not impose, we have ordered the respondent attorney to comply with the terms and conditions of the other jurisdiction's disciplinary order.

¶9 The stipulation further contains a number of statements and representations by the parties. The parties state that the stipulation was not the result of plea bargaining, that Attorney Eichhorn-Hicks does not contest the facts and misconduct alleged by the OLR, and that Attorney Eichhorn-Hicks does not contest the level of reciprocal discipline sought by the director of the OLR in this matter. Attorney Eichhorn-Hicks further represents that he fully understands the misconduct allegations against him, that he fully understands the ramifications of the stipulated level of discipline, that he fully understands his right to consult with

counsel and to contest this matter, that he is entering into the stipulation knowingly and voluntarily, and that his entry into the stipulation represents his decision not to contest the misconduct alleged or the discipline sought by the OLR.

¶10 After carefully reviewing this matter, we accept the stipulation and impose the stipulated level of discipline. We agree that the closest manner in which to replicate the suspension imposed by the Supreme Court of Minnesota is to suspend the license of Attorney Eichhorn-Hicks to practice law in Wisconsin for a period of 120 days.

¶11 We further require Attorney Eichhorn-Hicks to comply with the conditions imposed by the disciplinary order of the Supreme Court of Minnesota. Some of those conditions will need to be satisfied before the disciplinary suspension can be lifted, while another condition may continue after his reinstatement.

¶12 Specifically, in order to be reinstated, the Minnesota court required Attorney Eichhorn-Hicks to successfully complete the professional responsibility portion of the written examination required for admission to practice law in Minnesota and to satisfy the relevant continuing legal education requirements for practice in Minnesota. Thus, in order for Attorney Eichhorn-Hicks to have his license to practice law in Wisconsin reinstated, even after the completion of the 120-day suspension, he will need to submit proof to this court that he

has complied with those conditions. Once he has provided proof of compliance, the disciplinary suspension will be lifted.[2]

¶13 In addition, the Supreme Court of Minnesota also placed Attorney Eichhorn-Hicks on probation for a period of one year following the reinstatement of his license to practice law in that state. The record of this proceeding does not indicate whether Attorney Eichhorn-Hicks' Minnesota license has been reinstated. If Attorney Eichhorn-Hicks' Wisconsin license is reinstated before the period of probation in Minnesota is completed, we will require Attorney Eichhorn-Hicks to comply with the terms of the Minnesota probation order.

¶14 Because this matter was resolved by a stipulation without the need for litigation, we will not require Attorney Eichhorn-Hicks to pay the costs of this proceeding.

¶15 IT IS ORDERED that the license of Tracy R. Eichhorn-Hicks to practice law in Wisconsin is suspended for a period of 120 days, effective the date of this order, as discipline reciprocal to that imposed by the Supreme Court of Minnesota.

---

[2] As noted above, however, Attorney Eichhorn-Hicks' license to practice law in Wisconsin is also currently administratively suspended due to his failure to pay state bar dues, to certify his client trust account information, and to comply with CLE reporting requirements. In addition to satisfying the requirements imposed by the Supreme Court of Minnesota to have the Wisconsin disciplinary suspension lifted, Attorney Eichhorn-Hicks will also have to satisfy all of the applicable requirements to have the administrative suspension lifted before he will be eligible to practice law in this state.

¶16 IT IS FURTHER ORDERED that Tracy R. Eichhorn-Hicks shall comply with the terms of the July 25, 2018 opinion and order of the Supreme Court of Minnesota. Accordingly, before the 120-day disciplinary suspension imposed above is lifted, in addition to complying with the requirements of SCR 22.28(2), Tracy R. Eichhorn-Hicks shall also have complied with the conditions imposed by the Supreme Court of Minnesota in its July 25, 2018 order that must be fulfilled in order to have his license to practice law in Minnesota reinstated. Moreover, Attorney Eichorn-Hicks shall also comply with the order for probation imposed by the Supreme Court of Minnesota in its July 25, 2018 order once his license to practice law in that state is reinstated.

¶17 IT IS FURTHER ORDERED that the administrative suspensions of Tracy R. Eichhorn-Hicks' license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, his failure to complete his trust account certification, and his failure to comply with CLE reporting requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

¶18 IT IS FURTHER ORDERED that, to the extent he has not already done so, Tracy R. Eichhorn-Hicks shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.